The defense relied upon was under the plea of a release, and upon the trial the facts appeared to be as follows: The plaintiff sold to the defendant a parcel of slaves for the sum of $850. The defendant paid the price in bank notes and took a bill of sale under seal, containing the ordinary acquittance or release for the purchase money. At the time the release was given the defendant said "the money is all good; if it is not, I will make it good." It turned out that a fifty dollar bill so paid (354) by the defendant was counterfeit. The plaintiff procured affidavits, both of the identity of the bill and also that it was a counterfeit, and sent them to the defendant by an agent and demanded good money. The defendant took the bill and affidavits to a friend and consulted him as to the proofs and said that he wished to be satisfied that he let the plaintiff have the bill. He then said to the agent, "tell the old man" (meaning the plaintiff) "not to be uneasy, but to wait until next Thursday week and I will then come to his house and compromise or settle the matter, for I do not wish him to be injured." The plaintiff, in consequence of this message, forbore to take any proceedings, either at law or in equity, to recover his demand, until the time had expired. He then, on failure of the defendant to come to his house and settle, commenced this action by warrant. His Honor charged the jury that if they were satisfied the bill was a counterfeit and were also satisfied that the meaning of the defendant in what he said to the agent at the time he demanded payment was that if the plaintiff would forbear to sue until the day fixed on he would pay the fifty dollars, provided it was proven in fact that he let the plaintiff have the bill in question, and in consequence of this promise the plaintiff had forborne to sue, then they would find for the plaintiff. But if they were not satisfied that such was his meaning they would then find for the defendant. The jury returned a verdict for the plaintiff and the defendant moved for a new trial: First, because the judge erred in permitting any evidence to go to the jury tending to show a promise after the date of the release, he having objected to such evidence at the time it was offered. Secondly, because there was no evidence to be left to the jury of any promise or *Page 283 
legal consideration to support a promise, subsequent to the release. The court overruled the motion and gave judgment for the plaintiff and the defendant appealed.
If the receipt which the plaintiff gave for the purchase money (355) of the slaves had been without seal it might have been explained by parol, as a receipt is not conclusive evidence of payment, 2 Term Rep., 366; 5 B. and Ald., 611; 3 B. and C., 421; 3 B. and Adol., 313. In that case the plaintiff might have recovered upon the original consideration, as a balance of the price of the slaves; the counterfeit bill being a nullity could not be considered a payment, although both of the parties were ignorant at the time that the bill was a counterfeit. Hargrave v.Dusenberry, 2 Hawks, 326; Markle v. Hatfield, 2 John. Rep., 445. But as the plaintiff affixed his seal to the acquaittance [acquittance] that circumstance gave it the effect of a release, which the defendant has plead in bar of all demands arising upon the original transaction, and it estops the plaintiff to contradict or explain it by parol evidence. Brocket v.Foscue, 1 Hawks, 64; Gilbert's Law of Ev., 142; Rountree v. Jacobs, 2 Taun., 154; Sampson v. Cork, 5 B. and A., 506. But the plaintiff has relied on a promise made by the defendant subsequent to the date of the release. The defendant contends, however, that if such a promise was made it was without consideration, and that no action lay upon it, and that therefore the court erred in submitting it to the jury. The plaintiff says that as the bill was bad he had a remedy either at law upon the promise made by defendant to make the bill good, Baker v. Deavey, 8 Eng. Com. Law Rep., 193, or he had a remedy in equity to set aside the release as having been given under a mistake so far as relates to this demand, and that he had, at the special instance and request of the defendant, forborne to take judicial proceedings to obtain his rights until the time expired, and that that forbearance is a good consideration. It seems to us that such a consideration is sufficient to uphold a promise, and that the plaintiff, notwithstanding the release, had a remedy in some court. An action will lie upon a promise to pay a sum of money in consideration of giving time, or forbearing to sue for a precedent debt, or other cause of action. Com. Dig. B., 1 (action of assumpsit); 2 Com. on Cont., 420. Secondly: The defendant contends that if the consideration of forbearance be, in this case, deemed sufficient in law to uphold a promise, still there was no evidence of any promise made by him to have been left by the judge to the jury, and that the judge (356) *Page 284 
should have nonsuited the plaintiff. The answer given by the defendant to the plaintiff's agent, when he demanded payment, was, in our opinion, such evidence as the judge was bound to leave to the jury for them to determine whether a promise had or had not been made. Strike out the word "compromise" in the agent's testimony and the balance of his evidence is very strong to show that the defendant did promise to pay the money. That word remaining leaves it doubtful, and the jury were the proper persons to determine the fact.
To prevent misapprehension we desire to be understood as expressing no opinion whether the plaintiff might not have recovered, independently of the special contract for forbearance, upon the promise to be inferred from the transaction, and actually made when the release was executed, to make the notes good should they turn out to be counterfeit; and we are clearly of opinion that of an action founded on such a promise, a justice had jurisdiction. It is a promise to pay money, if what has been received as a bank note be not what it purports, and not a guaranty of the solvency or punctuality of the makers of the note. The judgment is affirmed.
PER CURIAM. Judgment affirmed.
Cited: Mendenhall v. Parish, 63 N.C. 106; Herndon v. Critcher, id., 486; Lawson v. Pringle, 98 N.C. 452; Shaw v. Williams, 100 N.C. 280.
(357)