W. A. SMITH v. J. L. PRITCHARD ET AL.

(Filed 2 May, 1917.)

**1. Evidence—Nonsuit—Waiver—Statutes.**

A motion for nonsuit upon the evidence is waived by the movant thereafter introducing evidence. Revisal, sec. 539.

**2. Contracts—Interpretation—Annulment.**

Where the parties to a written contract, upon consideration, thereafter enter into a written agreement respecting the same subject-matter, without allegation of omission, fraud, or mistake, their rights will depend upon the construction of the instruments as written.

**3. Same—Trials—Evidence.**

Where the controversy is over the right of the parties to a lien by judgment against another, and it appears by written contract or agreement that the plaintiff had, for a consideration, sold and transferred his rights thereto to the defendant, and subsequently the defendant by another written agreement, upon consideration, surrendered and annulled the first agreement, it is *Held*, that upon the contracts in evidence the plaintiff is entitled to a verdict.

**4. Contracts—Extension of Time—Consideration—Estoppel.**

An extension of time granted a debtor is a sufficient consideration between the parties to support a new contract with reference to the same subject-matter; and upon the acceptance of the terms by the debtor, he may not thereafter question its validity for lack of consideration.

CIVIL ACTION, tried before *Cline, J.,* at October Term, 1916, of ANSON.

This is an action to subject the homestead of B. F. Pritchard to two judgments which the plaintiff claimed to own. The second judgment was adjusted. The defendant John L. Pritchard claimed to own individually the first judgment, and the only question at issue was whether this judgment was owned by the plaintiff or the defendant John L. Pritchard. There is no dispute as to the amounts due upon the judgments. On 12 April, 1906, plaintiff and defendant entered into the following agreement:

This agreement of sale of land and judgment made 12 April, 1906, by and between W. A. Smith, vendor, and John L. Pritchard, vendee, both parties of Anson County, North Carolina, Witnesseth:

That the vendor has sold and bargained to the vendee that tract of land on Richardson Creek, a part of the Joshua Allen land and known as the Smith land, containing 148 acres by estimate, and also the judgment obtained by Smith & Dunlap v. B. F. Pritchard in the Superior Court for Anson County, the sum total to be paid by the vendee, being

$1,125, and the vendee has paid the vendor $25 in cash and promises to pay the balance, $1,100, on the 1st day of January next, with interest from date at 6 per cent per annum. When said $1,100 and interest is fully paid, then W. A. Smith binds himself, his heirs and executors to execute to said vendee a good quitclaim deed to said 148 acres of land and transfer the same judgment to said John L. Pritchard, without recourse on him on the judgment docket of said county in Wadesboro, N. C.

Witness our hands and seals this day and date above written.

            . (Signed)   W. A. SMITH          [SEAL.]
              (Signed)   JOHN L. PRITCHARD    [SEAL.]

Witness: B. F. PRITCHARD.
(Signed) FRANK TYSON.

Certain payments were made upon this and entered upon the agreement as follows: 12 February, 1907, received interest on above to 1 January, last $52.20; 12 February, 1907, part of principal $75.80; 17 February, 1908, received on the above contract $69.30, interest to date, and $201 principal money.

The defendant John L. Pritchard having failed to comply with his agreement, being unable to make the payments, came to Wadesboro to have the original agreement recorded. The clerk of the court advised him that it would be better for him to have a deed and mortgage, and as a result of this he returned to the plaintiff and plaintiff and his wife executed to him the deed set out in the record and took from him a mortgage, and wrote the following upon the agreement of 12 April, 1906, which was executed by J. L. Pritchard:

STATE OF NORTH CAROLINA—COUNTY OF ANSON. ·

This day John L. Pritchard, for and in consideration of extension of time in the payment of the above contract, he having failed to make payment as contracted to do, and the further consideration of $1 paid to said John L. Pritchard by the said W. A. Smith, the vendor in the above contract, the receipt whereof is here acknowledged,· the said John L. Pritchard doth surrender the above contract and agrees to its annulment, and in lieu thereof accepts a deed in fee simple from W. A. Smith of the above land and executes his note for the sum of $825 in payment of the said land and a mortgage on said land to secure the payment of said note.

As witness my hand and seal hereto affixed, this 17 February, 1908.

                       J. L. PRITCHARD   [SEAL.]
B. F. PRITCHARD.
W. H. WILHOIT.
E. F. McLENDON.
    46—173

The judgment referred to in the agreement of 12 April, 1906, is the one in controversy.

The defendant moved for judgment of nonsuit at the conclusion of the introduction of evidence for the plaintiff, which was overruled and he excepted, and he then introduced evidence in his own behalf.

His Honor, in substance, instructed the jury if they believed the evidence, to find that the plaintiff was the owner of the judgment, and the defendant excepted.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*James A. Lockhart and Frank L. Dunlap for plaintiff.*
*McLendon & Covington and Fred J. Coxe for defendants.*

PER CURIAM. The exception to the refusal to enter a judgment of nonsuit at the conclusion of the plaintiff's evidence was waived by the introduction of evidence by the defendant (Rev., sec. 539), and as there is neither allegation of fraud in procuring or executing the agreement of 17 February, 1908, nor allegation that any stipulation was omitted therefrom by mistake, the rights of the parties depend upon a construction of the two writings entered into by the plaintiff and the defendant.

The contract of 12 April, 1906, is an agreement on the part of the plaintiff to sell to the defendant J. L. Pritchard the judgment in controversy and 148 acres of land in consideration of the payment of $25 in cash and $1,100 on the first day of January, 1907, with interest from date.

The agreement of 17 February, 1908, by express language surrenders and annuls the contract of 12 April, 1906, and contains an agreement to accept in lieu of said contract a deed in fee simple for the land and to execute a mortgage on the same to secure the payment of $825 to the plaintiff.

There is in this second agreement no reference to the judgment, and as there is no contention that there was any other contract between the plaintiff and the defendant, and as the agreement of 12 April, 1906, in which it was agreed that the judgment should be sold, was surrendered and annulled, there is nothing to show that the defendant has acquired any right or title to the judgment.

The extention of time, which is recited in the latter agreement, is a sufficient consideration to support it (*Lowe v. Weatherly,* 20 N. C., 353; *Chemical Co. v. McNair,* 139 N. C., 326), and if this were not so, the defendant, having accepted the deed and executed the mortgage pursuant to its terms, cannot be heard to question its validity.

We are therefore of opinion that there was no error in instructing the jury to answer the issues in favor of the plaintiff, and this renders it unnecessary to discuss the other exceptions raised in the record.

No error.