FIRST NATIONAL BANK OF WAYNESVILLE, N. C., ET AL. v. WAYNESVILLE FURNITURE COMPANY ET AL. AND CITIZENS BANK AND TRUST COMPANY OF WAYNESVILLE, N. C., ET AL. v. HAYWOOD FURNITURE COMPANY ET AL.

(Filed 18 February, 1931.)

1. **Fraudulent Conveyances A e—Transfer of bulk of corporate property to another corporation is not binding on creditors not agreeing thereto.**

    A deed of an insolvent corporation of practically all its assets to another corporation, formed to take over its business, under an agreement that the purchasing corporation should satisfy the creditors of the selling corporation by issuing shares of stock or paying a percentage of their claims, is not binding on creditors of the selling corporation who did not agree thereto and who refuse to settle upon such basis, and who have not waived their rights, and they may have the deed to the purchasing corporation set aside.

2. **Corporations I d—Creditors of insolvent corporations selling its assets to another held to have priority in assets transferred.**

    Where two insolvent corporations have conveyed by deeds their entire assets to a corporation formed for the purpose of merging them, and which continued to operate the property thus acquired, incurring further indebtedness, and subsequently placed in the hands of a receiver by order of court, the creditors of each of the selling corporations are entitled to a priority over the creditors of the merged corporation out of the assets derived from their debtor corporation respectively when they have not by their actions or conduct waived their right.

3. **Trial F a—Where there is no evidence to support issue tendered refusal to submit the issue is not error.**

    A new trial for the refusal of the trial judge to submit an issue raised by the pleadings will be granted only where there is evidence tending to support the issue.

APPEALS by defendants from *Finley, J.,* at May Term, 1930, of HAYWOOD, and at August Special Term, 1930, *Cowper, Special Judge.* No error in either appeal.

The above-entitled actions were begun in the Superior Court of Haywood County, by plaintiffs, creditors of the defendant, Waynesville Furniture Company, and of the defendant, Haywood Furniture Company, respectively, to recover of said defendant in each of said actions the amount of their several claims; and also to recover judgment in each of said actions that a certain deed dated 28 June, 1928, and executed by the said defendant therein conveying all its property, real and personal, to the defendant, Robbins Furniture Company, is null and void, and that the defendant, C. W. Perry, receiver of the Robbins Furniture Company, be enjoined and restrained from paying out certain moneys in his hands as such receiver, the proceeds of sales made by him of part of said property, during the pendency of said actions.

The facts alleged in the complaints in both said actions, as constituting the cause of action on which plaintiffs in each of said actions demand judgment against the defendants therein, are practically identical. Defendants in their answer to the complaint in each action deny certain allegations therein, and allege matters in defense of plaintiffs' right to recover on the allegations of the complaint. There was evidence at the trial of each of said actions tending to establish the allegations of the complaint which are denied in the answer.

The facts admitted in the pleadings and shown by all the evidence at the trial of both actions, are substantially as follows:

The Waynesville Furniture Company and the Haywood Furniture Company are corporations duly organized under the laws of this State, and as such corporations were engaged in the business of manufacturing furniture in or near the city of Waynesville, in Haywood County, North Carolina, prior to 28 June, 1928. Both corporations had become and were on said day wholly insolvent. Each was indebted in an amount largely in excess of the value of its assets.

As the result of negotiations by and between said corporations and one R. C. Robbins, each of said corporations on 28 June, 1928, executed a deed by which it conveyed practically all its property, real and personal, to the Robbins Furniture Company, a corporation created under the laws of this State for the purpose of taking title to and possession of said property under said deeds. At the date of said deeds, no part of the capital stock of said Robbins Furniture Company had been issued, nor had the subscribers for said capital stock paid in any part thereof, in money or otherwise. The consideration recited in each of said deeds is, "Ten dollars, and other valuable considerations." The value of the property conveyed by both of said deeds was not less than three hundred thousand ($300,000) dollars. Neither the Waynesville Furniture Company nor the Haywood Furniture Company retained property sufficient and available for the payment of its debts; nor did either of said

corporations receive from the Robbins Furniture Company any consideration for the conveyance of its property by its deed. It was agreed, however, prior to and at the date of the delivery of said deeds, by and between the Waynesville Furniture Company, the Haywood Furniture Company, and the Robbins Furniture Company, that the said Robbins Furniture Company should satisfy all the creditors of the said Waynesville Furniture Company and of the said Haywood Furniture Company, by the payment of a certain percentage of their claims in money or by the issuance to said creditors of its stock for the full amount of their claims, at the option of said creditors. Prior to the date of the delivery of said deeds, many of the creditors of the Waynesville Furniture Company and of the Haywood Furniture Company had accepted settlements of their claims by the Robbins Furniture Company. Pursuant to the terms of said settlements, creditors of both said corporations who had agreed to accept stock of the Robbins Furniture Company in settlement of their claims, met in the city of Waynesville, N. C., on 8 September, 1928, and as stockholders thereof organized the Robbins Furniture Company. Certificates of stock were issued by the Robbins Furniture Company to creditors of said corporations who had agreed to accept stock in settlement of their claims. Neither of the plaintiffs in the above-entitled actions was present at the meeting held on 8 September, 1928; nor had either of said plaintiffs agreed to accept a settlement by the Robbins Furniture Company of his or its claim, in accordance with the agreement by and between the said company and the Waynesville Furniture Company and the Haywood Furniture Company.

The Robbins Furniture Company took into its possession all the property conveyed to it by the Waynesville Furniture Company and by the Haywood Furniture Company by the deeds dated 28 June, 1928, and operated the factories located on the lands described in said deeds from 8 September, 1928, to 23 August, 1929. During the time of such operation the Robbins Furniture Company contracted debts to various persons, firms and corporations in large amounts, which it has failed to pay. On 23 August, 1929, the said Robbins Furniture Company was duly adjudged insolvent, and the defendant, C. W. Perry, was appointed as its receiver. At the date of the commencement of the above-entitled actions, the said defendant, C. W. Perry, receiver of the Robbins Furniture Company, had in his possession as such receiver all the property which had been conveyed to the said Robbins Furniture Company by the deeds dated 28 June, 1928, except such parts of said property as he had sold under orders of the Superior Court of Haywood County. He had in his possession certain moneys, the proceeds of the sale of said property, and also moneys which he had collected on accounts due the Robbins Furniture Company, at the date of his appointment as its receiver.

On 28 June, 1928, the plaintiffs in the above-entitled actions were creditors of the Waynesville Furniture Company and of the Haywood Furniture Company, respectively, in the amounts alleged in the complaints in said actions. No payment has been made on the claim of either of the plaintiffs by the Waynesville Furniture Company or the Haywood Furniture Company, or by the Robbins Furniture Company. In their answer to the complaint in each of the above-entitled actions, defendants allege that plaintiffs therein ratified the conveyance of the property described in the deeds dated 28 June, 1928, and are estopped by their conduct from asserting now that said deeds are null and void as against them.

In the action entitled "Citizens Bank & Trust Company *et al. v.* Haywood Furniture Company *et al.*," tried at May Term, 1930, of the Superior Court of Haywood County before Finley, J., and a jury, in response to the fourth issue, the jury found that plaintiffs in said action did not ratify the conveyance of its property to the Robbins Furniture Company by the Haywood Furniture Company by its deed dated 28 June, 1928, as contended by the defendants in said action. The court refused to submit an issue tendered by defendants involving the allegations in the answer that plaintiffs are estopped by their conduct from asserting that said deed is null and void. To such refusal, defendants duly excepted.

In the action entitled "First National Bank *et al. v.* Waynesville Furniture Company *et al.*," tried at August Special Term, 1930, of the Superior Court of Haywood County, before Cowper, special judge, and a jury, in response to the third and fourth issues, the jury found that plaintiffs in said action are not estopped by their conduct from asserting that the deed dated 28 June, 1928, executed by the Waynesville Furniture Company to the Robbins Furniture Company, is null and void, and that said plaintiffs did not ratify the conveyance of its property to the said Robbins Furniture Company by the Waynesville Furniture Company by said deed, as contended by the defendants in said action. Defendants duly excepted to certain instructions of the court to the jury with respect to the third and fourth issues.

At the trial of each of the above-entitled actions all the issues submitted by the court to the jury were answered in accordance with the contentions of the plaintiffs, and against the contentions of the defendants.

On the verdict at the trial of each of the above-entitled actions, it was ordered, adjudged and decreed that the plaintiffs therein recover of the defendant, Waynesville Furniture Company and of the defendant, Haywood Furniture Company, respectively, the amount of their several claims; that the deed executed by each of said defendants dated 28

June, 1928, conveying its property described therein to the defendant, Robbins Furniture Company, is null and void, and that said deed be canceled on the record, and that the defendant, C. W. Perry, receiver of the Robbins Furniture Company, turn over and deliver to each of said defendants all the property now in his possession, which was conveyed to the Robbins Furniture Company by said defendant, and account to the receiver of each of said defendants for all moneys in his hands derived from the sale by him of any part of said property. It was further ordered, adjudged and decreed that plaintiffs in each of the above-entitled actions have a first lien on all the assets of the defendant therein, recovered by said action.

From the judgment in each of the above-entitled actions, the defendants therein appealed to the Supreme Court.

*Hannah & Hannah, John M. Queen, Edwards & Leatherwood and G. L. Jones for plaintiffs.*
*Thomas J. Gold, A. Hall Johnston, W. G. Hall and Alley & Alley for defendants.*

CONNOR, J. The appeals by the defendants in the above-entitled actions, when called for hearing in this Court, were consolidated by consent, both for argument by counsel, and for consideration by the Court. Accordingly, the two appeals were argued and have been considered as if there were only one appeal by defendants from a judgment of the Superior Court of Haywood County, in favor of the plaintiffs and against the defendants. The questions involved in both appeals are practically the same. Assignments of error in one appeal which do not appear in the other are not vital, and even if sustained would not entitle defendants to a reversal of the judgment or to a new trial.

Defendants' contention presented by their exception to the refusal of the trial court to sustain their demurrer *ore tenus* to the complaint in one of said actions, for that the facts stated therein do not constitute a cause of action, cannot be sustained. The facts alleged in the complaint in each action are sufficient to constitute a cause of action. It is well settled that a corporation cannot sell or in any way alien its property to the prejudice of its creditors, so as to hinder, delay or defraud them in the collection of debts owing by the corporation; and in general, whenever a conveyance is made by a corporation under such circumstances as would characterize it as a fraud upon creditors if made by an individual, it will be set aside in equity, at the suit of such creditors, or other appropriate relief will be accorded them. On this principle, it has been held that a sale by a corporation to another corporation, in consideration of the latter delivering a specified amount of its stock to the individual shareholders of the selling corporation,

and guaranteeing the payment of the debts of the selling corporation, is prima facie fraudulent as to creditors of the selling corporation. *McIver v. Hardware Co.,* 144 N. C., 478, 57 S. E., 169. This principle is applicable in the instant cases where it is alleged in the complaints and shown by all the evidence at the trial of both actions that the conveyances were made upon the agreement by the Robbins Furniture Company to issue its stock to the creditors of the Waynesville Furniture Company and of the Haywood Furniture Company, respectively, who should accept said stock in settlement of their claims. The conveyances by the deeds dated 28 June, 1928, were null and void as to such creditors who did not consent thereto, who did not subsequently ratify the same or who are not estopped by their conduct from asserting that said conveyances are void as to them.

It is not contended by the defendants in the above-entitled actions that the plaintiffs therein, who were creditors of the Waynesville Furniture Company and of the Haywood Furniture Company, respectively, at the date of the conveyances, consented to said conveyances. The jury found at the trial of both actions that plaintiffs did not ratify the conveyances. In the action entitled, "First National Bank *et al. v.* Waynesville Furniture Company *et al*," the jury further found that plaintiffs in said action were not estopped by their conduct after the conveyance from asserting their claims against the defendants. The defendants contend that there was error in the trial of the action entitled, "Citizens Bank & Trust Co. *et al. v.* Haywood Furniture Company *et al*," in that the court refused to submit the issue tendered by defendants, involving their contention that plaintiffs in said action are estopped by their conduct from maintaining said action. After a careful consideration of all the evidence offered by defendants at said trial, we are of the opinion that there was no evidence from which the jury could have answered this issue in the affirmative. There was no evidence tending to show that plaintiffs in said action made any representations prior to and at the date of the delivery of the deed executed by the Haywood Furniture Company to the Robbins Furniture Company, with respect to the conveyance by said deed of the property described therein; or that said plaintiffs, or either of them, received any benefit resulting from the execution of said deed; or that said plaintiffs by their conduct subsequent to the execution of said deed, gave the defendants any reasonable grounds to believe that said plaintiffs or either of them would not assert their rights as creditors of the Haywood Furniture Company.

While, ordinarily, the trial court should submit to the jury all the issues of fact raised by the pleadings, where, as in the instant case, there was no evidence tending to support an affirmative answer to an issue,

the refusal of the court to submit such issue, although duly tendered by the party who has the burden of the issue, will not be held for reversible error, on the appeal of such party. A new trial will be granted only where the court has refused to submit an issue raised by the pleadings, and when there was evidence tending to support the contention of the party who has excepted to such refusal.

We find no error in the trial of either of the above-entitled actions. The judgments are affirmed.

No error.