W. F. STOKES AND J. B. CONGLETON, JR., TRADING AS STOKES & CONGLETON, v. D. ARCHIE EDWARDS, DON CASEY AND THOMAS E. CASEY, TRADING AS EDWARDS, CASEY & SONS; J. H. JAMES AND J. H. JAMES, JR.; AND W. ROBERT JOHNSON AND J. F. SHERMAN, TRADING AS JOHNSON-SHERMAN COMPANY.

(Filed 20 April, 1949.)

**1. Sales § 15—**

Where a buyer purchases goods for a particular purpose, known to the seller, in reliance upon the skill, judgment, or experience of the seller in regard to the suitability of the goods, the seller, regardless of whether he is the manufacturer of the goods or not, impliedly warrants that the goods are reasonably fit for the contemplated purpose, and this rule applies even though the purchaser purchases for resale to others for the contemplated use.

**2. Trial § 22a—**

Upon motion to nonsuit, the evidence favorable to plaintiffs is taken as true. G.S. 1-183.

**3. Sales § 27—**

Evidence of appellants' breach of implied warranty that the goods were reasonably fit for the purpose for which sold, and breach of the contract under which appellants accepted return of the merchandise and promised to replace the goods or give the purchasers their money back, *is held* sufficient to overrule appellants' motion to nonsuit.

**4. Sales § 29—**

Where, after making complaint that the goods were not fit for the purpose for which sold, the buyer returns the goods and refrains from instituting legal proceedings in consideration of the seller's oral promise to replace the goods or give the buyer his money back, the oral agreement to make reparation is a new contract supported by sufficient consideration and the buyer may recover for its breach.

**5. Trial § 36—**

Where the issues submitted present to the jury proper inquiries as to all the determinative facts in dispute, objection thereto is untenable, especially where appellants do not ask for or tender any specific issues.

**6. Same—**

The failure to submit an issue is not error when there is no evidence tending to justify an affirmative answer to such issue.

**7. Sales §§ 27, 29: Trial § 39—Answers to issues held not inconsistent when construed in light of pleadings and testimony.**

Plaintiffs' allegations and evidence were to the effect that two partnerships were engaged in the manufacture or sale of oil burning tobacco curers, that plaintiffs purchased a quantity of the burners for resale, that the burners were not reasonably suitable for the purpose for which they were sold, and that upon plaintiffs' objection, one of the partners of the

second partnership, acting for that partnership, promised to replace the burners or refund plaintiffs' money in consideration of plaintiffs' surrender of the defective burners and forbearance to bring legal proceedings for breach of the implied warranty. *Held:* The verdict of the jury on one issue that plaintiffs were not entitled to recover from the first partnership, and on the subsequent issue that plaintiffs were entitled to recover from the second partnership, are not conflicting when construed in the light of the pleadings and testimony, since it is obvious that the jury awarded recovery for breach of the second partnership's contract to replace the burners or refund the purchase price, which contract necessarily extinguished the right of action to recover for the breach of implied warranty.

APPEAL by defendants, W. Robert Johnson and J. F. Sherman, trading as Johnson-Sherman Company, from *Parker, J.,* and a jury, at the January Term, 1949, of the Superior Court of PITT County.

The case made out by the plaintiffs' evidence arose in 1946 and was as follows:

The defendants, J. H. James and J. H. James, Jr., partners, hereinafter called James and James, and the defendants, W. Robert Johnson and J. F. Sherman, partners trading as Johnson-Sherman Company, hereinafter called Johnson and Sherman, manufactured and wholesaled oil burners for curing tobacco under an overall partnership agreement. Acting through the agency of their sales representatives, the defendants, D. Archie Edwards, Don Casey, and Thomas E. Casey, who did business under the style of Edwards, Casey and Sons, the defendants, James and James, and the defendants, Johnson and Sherman, sold fourteen of the oil burners to the plaintiffs, W. F. Stokes and J. B. Congleton, Jr., partners, trading as Stokes and Congleton, retail dealers, with knowledge that the plaintiffs relied upon their skill or judgment in the premises and intended to resell such burners to farmers for use in tobacco barns for curing tobacco. The plaintiffs paid the defendants, James and James, and the defendants, Johnson and Sherman, $1,650.00 for the fourteen oil burners, and made an additional outlay of $140.00 in installing them in the barns of the farmers to whom they were resold. When put in operation, the fourteen oil burners proved to be wholly unfit for use in curing tobacco in that "all the heat stayed in the burners," or the burners became "red hot," setting the barns on fire. Pursuant to the insistent demands of their customers, the plaintiffs repossessed the fourteen oil burners, refunded their retail sale prices to their customers, and called upon the defendants, Johnson and Sherman, for restitution. Soon thereafter, to wit, on 18 October, 1946, the defendants, Johnson and Sherman, acting through the agency of J. F. Sherman, entered into an oral agreement with the plaintiffs whereby the plaintiffs surrendered the fourteen defective oil burners to Johnson and Sherman and refrained from bringing legal proceedings for the recovery of the loss they had suffered and

whereby Johnson and Sherman agreed that they "would either replace the burners or give plaintiffs their money back." Johnson and Sherman accepted the return of the burners by the plaintiffs and retained them, but subsequently refused to make reparation to plaintiffs in either of the alternative ways specified in the agreement of 18 October, 1946.

The plaintiffs sued all of the defendants upon a complaint setting forth in substance the above matters and the additional averments that J. F. Sherman acted for James and James as well as for Johnson and Sherman in making the agreement of 18 October, 1946. But no testimony was given on the trial tending to show that James and James either authorized or ratified the agreement in question.

The action was dismissed as to the defendants, D. Archie Edwards, Don Casey, and Thomas E. Casey, upon a *demurrer ore tenus,* and proceeded to trial as between the plaintiffs and the other four defendants, who filed a joint answer denying all of the material allegations of the complaint.

The defendants, James and James, offered no evidence at the trial, but Johnson and Sherman introduced testimony which tended to show that they were neither the manufacturers nor the sellers of the fourten oil burners in controversy; that, on the contrary, they acted in the premises simply in the capacity of known and authorized agents for disclosed principals, to wit, James and James, the real manufacturers and sellers; that similar oil burners made and sold by James and James had proved in practice to be well adapted to use for curing tobacco; and that they had never entered into any agreement to make any reparations to the plaintiffs.

Issues were submitted to and answered by the jury as follows:

1. Were the fourteen oil burners described in the complaint manufactured by J. H. James, J. H. James, Jr., and W. Robert Johnson and J. F. Sherman, trading as Johnson-Sherman Company, as partners? Answer: Yes.

2. If not, were the said fourteen oil burners described in the complaint manufactured solely by J. H. James and J. H. James, Jr.? Answer: No.

3. Did the plaintiffs purchase the fourteen oil burners described in the complaint from Edwards-Casey & Sons and were Edwards-Casey & Sons, Agent of Johnson-Sherman Company? Answer: Yes.

4. If J. H. James and J. H. James, Jr., were the sole manufacturers of the fourteen oil burners described in the complaint, did Robert Johnson and J. F. Sherman, trading as Johnson-Sherman Company, agents of J. H. James and J. H. James, Jr., sell said oil burners described in the complaint to the plaintiff through Edwards-Casey & Sons as sub-agents? Answer: No.

STOKES *v.* EDWARDS.

5. Were the fourteen oil burners purchased by the plaintiffs from Edwards-Casey & Son, as described in the complaint, defective in material or workmanship at the time of their delivery to the plaintiff so that they were not reasonably fit for the use for which they were intended? Answer: Yes.

6. Did the defendants W. Robert Johnson and J. F. Sherman, trading as Johnson-Sherman Company, agree with the plaintiffs to make good any and all damages sustained by the plaintiffs in the sale of said fourteen oil burners described in the complaint, and, if so, have they failed to do so? Answer: Yes.

7. What damage, if any, are the plaintiffs entitled to recover from James H. James and James H. James, Jr.? Answer: None.

8. What damage, if any, are the plaintiffs entitled to recover from W. Robert Johnson and J. F. Sherman, trading as Johnson-Sherman Company? Answer: $1,790.00.

The defendants, Johnson and Sherman, excepted to the submission of the first, third, fourth, fifth, sixth, and eighth issues, but did not suggest or tender any other issues.

Judgment was entered on the verdict in favor of plaintiffs and against the defendants, "W. Robert Johnson and J. F. Sherman, T/A Johnson-Sherman Company," for $1,790.00 and costs of the action, and Johnson and Sherman appealed, assigning the refusal of the trial judge to dismiss the action upon a compulsory nonsuit and other rulings as error.

*J. B. James and W. W. Speight for plaintiffs, appellees.*

*J. Faison Thomson and J. W. H. Roberts for defendants, W. Robert Johnson and J. F. Sherman, trading as Johnson-Sherman Company, appellants.*

ERVIN, J. An understanding of the precise nature of the cause of action upon which the judgment has been rendered is indispensable to a determination of the validity of the assignments of error.

When it is construed with a proper degree of liberality, the complaint states two causes of action alternative in nature, to wit: (1) A primary cause of action for damages for breach of an implied warranty that the fourteen oil burners were reasonably fit for the particular use of curing tobacco; and (2) a secondary cause of action for breach of an express contract, *i.e.,* the agreement of October 18, 1946, by which the appellants and their associates agreed to make specific reparation to the plaintiffs in the premises in consideration of the plaintiffs' returning the fourteen oil burners and forbearing to institute legal proceedings for breach of the implied warranty. Manifestly, the plaintiffs could not recover upon both

of the causes of action alleged for the reason that the establishment of the second necessarily required proof of the extinguishment of the first.

When a buyer purchases goods for a particular purpose known to the seller and relies on the skill, judgment, or experience of the seller for the suitability of the goods for that purpose, the seller impliedly warrants that the goods are reasonably fit for the contemplated purpose, and is liable to the buyer for any damages proximately resulting to him from the breach of this warranty. *Aldridge Motors, Inc., v. Alexander,* 217 N. C. 750, 9 S.E. 2d 469; *Thomason v. Ballard & Ballard Co.,* 208 N.C. 1, 179 S.E. 30; *Swift v. Aydlett,* 192 N.C. 330, 135 S.E. 141; *Poovey v. Sugar Co.,* 191 N.C. 722, 133 S.E. 12; *Gravel Co. v. Casualty Co.,* 191 N.C. 313, 131 S.E. 754; *Farquhar v. Hardware Co.,* 174 N.C. 369, 93 S.E. 922; *Thomas v. Simpson,* 80 N.C. 4. This is true even though the seller is not the manufacturer or producer of the goods, and even though the buyer is a dealer who purchases the goods for resale to others for the contemplated use. *Aldridge Motors, Inc., v. Alexander, supra;* 46 Am. Jur., Sales, sections 346, 355, 356; 55 C. J., Sales, section 719.

In passing upon the exceptions of appellants to the denials of their motions for a compulsory nonsuit under G.S. 1-183, we must take it for granted that the evidence favorable to the plaintiffs is true. *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307. When this is done, it clearly appears that prior to 18 October, 1946, the plaintiffs acquired a meritorious case of action against the appellants and their associates, James and James, for the breach of an implied warranty that the fourteen oil burners were reasonably fit for use in curing tobacco, and that on 18 October, 1946, the plaintiffs and the appellants made an oral agreement whereby the plaintiffs refrained from bringing suit against the appellants and their associates for breach of this warranty and surrendered the oil burners to the appellants, who have since retained them, and whereby the appellants agreed that they would "replace the burners or give plaintiffs their money back." Since a contract is "an agreement, upon sufficient consideration, to do or not to do a particular thing," the oral agreement between plaintiffs and appellants was in law a contract, obligating the appellants to make reparation to plaintiffs in one or the other of the ways specified. *Belk's Department Store v. Insurance Company,* 208 N.C. 267, 180 S.E. 63; *Overall Co. v. Holmes,* 186 N.C. 428, 119 S.E. 817. The forbearance of plaintiffs to institute legal proceedings against the appellants and their associates for breach of the warranty, and their surrender of the defective oil burners constituted a sufficient consideration for the promise of the appellants to recompense the plaintiffs. *Myers v. Allsbrook,* 229 N.C. 786, 51 S.E. 2d 629; *Chemical Co. v. McNair,* 139 N.C. 326, 51 S.E. 949; *Lowe v. Weatherley,* 20 N.C. 353; 17 C.J.S., Contracts, section 104.

Furthermore, the plaintiffs' evidence discloses that the appellants have breached the contract of 18 October, 1946, and thereby damaged the plaintiffs to the extent of their monetary outlay. Thus, it is evident that the court properly refused to nonsuit the plaintiffs.

The exceptions to the submission of the first, third, fourth, fifth, sixth and eighth issues are untenable. The trial court prepared the issues with meticulosity to present to the jury proper inquiries as to all essential matters or determinative facts in dispute. *Sams v. Cochran,* 188 N.C. 731, 125 S.E. 626; *Mann v. Archbell,* 186 N.C. 72, 118 S.E. 911. It is true that no issue was submitted to the jury as to whether the defendants, James and James, were bound by the contract of 18 October, 1946. This was proper for there was no evidence tending to justify an affirmative answer to any such issue. *Bank v. Furniture Co.,* 200 N.C. 371, 157 S.E. 13. Moreover, the appellants did not ask for or tender any such issue at the trial. *McNeeley v. Shoe Co.,* 170 N.C. 278, 87 S.E. 64; *Curtis v. Cash,* 84 N.C. 41.

Appellants except to the verdict on the theory that the answers of the jury to the seventh and eighth issues are in irreconcilable conflict. In addition, they except to the judgment as legally inconsistent in that it adjudges them liable to plaintiffs and exonerates their associates, James and James. These exceptions are based upon a misapprehension of the findings of the jury. When the verdict and judgment are construed in the light of the pleadings and the testimony, it is obvious that the jury has found that the plaintiffs are entitled to recover of appellants for a breach of the contract of 18 October 1946, rather than for a breach of the original warranty, and that the judgment has been rendered on the basis of that finding. This being true, the answers of the jury to the seventh and eighth issues are consistent, and the judgment is correct because the defendants, James and James, were not parties to the contract of 18 October, 1946. Besides, it may be noted that appellants seek to blow both hot and cold on this phase of the case. Their answer declares that James and James are not liable to the plaintiffs upon either of the causes of action alleged.

We have carefully considered the other assignments of error, and have reached the conclusion that none of them will justify the award of a new trial. The trial and judgment in the Superior Court will be upheld.

No error.