## JONES v. WATER CO.

(Filed May 16, 1905.)

### Contract to Supply Water Construed—Fires.

An instruction that "it was the defendant's duty, under its contract with the City of Durham, to supply at all times water and pressure sufficient for the extinguishment of fires in said City" correctly stated the test of the defendant's duty to the plaintiff as decided on the former appeal.

ACTION by R. M. Jones against Durham Water Company, heard by *Judge R. B. Peebles* and a jury at the January Term, 1905, of the Superior Court of DURHAM County. From a judgment for the defendant, the plaintiff appealed.

*Manning & Foushee* and *Boone & Reade* for the plaintiff.
*Winston & Bryant* and *Fuller & Fuller* for the defendant.

CLARK, C. J.    This case was before us at a former term, 135 N. C., 554.    On the second trial the court charged the jury:  "It was the defendant's duty under its contract with the City of Durham to supply, at all times, water and pressure sufficient for the extinguishment of fires in said city." This was in accordance with what was said in our former opinion, in which it was further said that the provision as to furnishing more than five streams, thrown to "a height of 100 feet in still air," upon four minutes' notice, was simply a test of pressure and capacity to determine the rental which the city should pay.    The test of the defendant's duty to the plaintiff was correctly stated, as above, by the judge and did not require four minutes' notice nor 100 feet of elevation.    At all times it was the defendant's duty to furnish a supply of water and of course with adequate pressure to put out fires, for it was not a "supply of water to extinguish fires," unless there was pressure sufficient to make the water

available for that purpose. This was the measure of the defendant's duty, and not "100 feet in still air." Water thrown to such height might more easily put out fires, but if the supply and pressure actually furnished were adequate (as the jury find), that was a compliance with the contract.

The case was properly submitted to the jury, and they have found that the defendant did its duty, as above specified. There are numerous exceptions, but upon examination we deem them without merit and that they are not such as require any further discussion. Whether the cause of the loss of the plaintiff's building was that the fire had gotten too great headway, or that the fire companies were not as efficient as usual, or because there was loss of time in putting on another stream during which delay the stream playing on the fire was allowed to "die down," or to whatever other causes, the jury have found under proper instructions that the plaintiff's loss was not due to failure of the defendant to furnish water and pressure sufficient to extinguish fires. The defendant did not insure the plaintiff's house against fire.

No Error.