VAN GELDER YARN COMPANY, INC., v. D. C. MAUNEY ET AL.

(Filed 29 October, 1947.)

**1. Trial § 31b—**

The trial court is required to charge the law upon all substantial features of the case arising on the evidence even though there is no request for special instructions. G. S., 1-180.

**2. Sales § 27—**

Plaintiff ordered and defendants shipped cotton yarn "subject to provisions of the Cotton Yarn Rule of 1938." Plaintiff rejected the yarn for alleged breach of warranty. One of the rules stipulated that rejection had to be made within ten days after the buyer knew or should have known of defect. Defendants contended upon supporting evidence that the right of rejection was either barred or waived by this rule. *Held:* An instruction to the effect that if the jury should find that there was a breach of warranty and reach the issue of damages to answer that issue in the amount contended by plaintiff, is erroneous as being peremptory in form and as withdrawing from the consideration of the jury defendants' evidence relating to the waiver of the right of rejection.

**3. Same—**

In a suit by the buyer to recover for breach of warranty the burden is upon the buyer both on the issue of liability and on the extent of recovery.

APPEAL by defendants, D. C. Mauney and Haywood E. Lynch, t/a Betty Yarn Mill, from *Alley, J.,* at August Term, 1947, of CLEVELAND.

Civil action for breach of warranty in the sale of cotton yarns.

The record discloses that during the months of May, August, September and October, 1946, the plaintiff, a New York commission merchant,

purchased from the defendants, cotton yarn manufacturers, 28,512 pounds of No. 4 single-ply yarn and 25,173 pounds of No. 2 single-ply yarn at OPA ceiling prices, less 2% 10-day cash discount, as and when ordered—shipments to be made to the Southern Jersey Warehouse, Trenton, N. J., a public warehouse, subject to the Rules of the Southern Cotton Yarn Association, in respect of cancellations, rejections and claims.

The No. 4 single-ply yarn was shipped on the following dates: May 20th (9,778 pounds, price $4,454.87), October 2nd, 8th and 12th (10,435 pounds, price $8,474.39).

The No. 2 single-ply yarn was shipped on the following dates: August 23rd, September 4th and 23rd, October 2nd and 8th (25,173 pounds, price $18,917.81).

(The above figures are taken from the agreed statement of case on appeal. They are not entirely consistent with those used by the Judge in his charge, or with the figures given in the testimony of some of the witnesses. However, the exact amounts are not now capitally important.)

The jury found that the yarn, as and when ordered, was to be "white stock warp twist 6 x 5 tubes and cones," and that the yarn shipped was not of this quality.

Plaintiffs notified defendants on November 6 and 7, 1946, of rejections "due to softness with almost no twist" and mailed invoice for the rejected yarns, informing the defendants that the rejected yarns were being held subject to their orders.

The defendants denied that the yarns were defective in any way; that they were not to be "warp twist" since the defendants only manufactured "filling twist"; that no complaint was heard from the plaintiff until the market for "any other twist but a full warp twist," according to plaintiff's letter of October 4, 1946, had practically dried up, or was dying a natural death; that any claim for rejections had been waived because not filed within the time specified by the Rules of the Southern Cotton Yarn Association, the pertinent part of the applicable Rule, No. 19, being as follows:

"19. Goods shall be deemed to have been accepted and buyer's rights to reject, cancel or replace because of defect, shall expire:

"(a) When ten days have elapsed after buyer knows or should have known of such defect;

"(b) . . . (not presently applicable)

"(c) In any event, when three months have elapsed after passing of title."

At the conclusion of the evidence, counsel for plaintiff stated that in view of the plea of the Cotton Yarn Rules of 1938, plaintiff would withdraw any claim arising out of the shipment of May 20, 1946, as more than 90 days had elapsed since passing of title.

The court instructed the jury on the issue of damages as follows:

"The next issue, No. 6, is: 'What damage is the plaintiff entitled to recover of the defendants.' As I have instructed you the plaintiff abandoned its claim to $4,070.50 under the contract of May 20th, 1946, so deducting that from the amount originally sued for and adding together the other shipments without including that, under the contract price, and if deducting from that 2% discount the plaintiff is now contending that the amount it is entitled to recover of the defendants is $26,180.72; and if you reach that issue your answer should be the amount which the shipments aggregate at the contract price without including the $4,070.50 with respect to the contract of May 20, 1946." Exception by defendants.

From verdict and judgment in favor of the plaintiff for the amount mentioned in the court's charge, the defendants appeal, assigning errors.

*McDougle, Ervin, Fairley & Horack for plaintiff, appellee.*

*D. Z. Newton and J. R. Davis for defendants, appellants.*

STACY, C. J.   We think the court's charge on the issue of damages must be held for error.   In the first place, it is peremptory or directory in character; and, secondly, it takes from the defendants their plea in bar, or of waiver, under subsection (a), Rule 19, of the Southern Cotton Yarn Association.   The trial court seems to have overlooked, for the moment, the defendants' contentions in respect of the amount, even if the issue of liability should be answered against them.

The orders were given and the shipment made, "subject to the provisions of the Cotton Yarn Rule of 1938."   Under these, the merchandise purchased is deemed to have been accepted when received, and the buyer's right to reject or cancel an order, "because of defect," expires ten days after the buyer "knows or should have known of such defect."   It is the position of the defendants that all the shipments, here involved, were barred from rejection under this provision.   Certainly, they say, not more than the last three shipments could survive its effect, and as to these, they contend, the issue was at least one for the jury.   The plaintiff takes the opposite view.   We think the court was in error in resolving these mooted points against the defendants and in directing the amount of damages, should the jury reach that issue.

It is required of the trial judge that he "state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon," and this without expressing any opinion on the facts. G. S., 1-180.   The manner in which the trial court shall state the evidence and declare and explain the law arising thereon must necessarily be left in large measure to his sound discretion and good judgment, "but he must charge on the different aspects presented by the evidence, and

give the law applicable thereto." *Blake v. Smith,* 163 N. C., 274, 93 S. E., 596. "On the substantive features of the case arising on the evidence, the judge is required to give correct charge concerning it." *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501. "The failure of the court to instruct the jury on substantive features of the case arising on the evidence is prejudicial. This is true even though there is no request for special instructions to that effect." *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630. The pertinent decisions are to the effect that the statute "confers upon litigants a substantial legal right and calls for instructions as to the law upon all substantial features of the case"; and further, that the requirements of the enactment "are not met by a general statement of legal principles which bear more or less directly, but not with absolute directness, upon the issues made by the evidence." *Williams v. Coach Co.,* 197 N. C., 12, 147 S. E., 435.

In charging on the issue of damages, the court appears to have been unmindful of the position of the defendants in respect of the delay of the plaintiff in rejecting or canceling orders "because of defect." They not only invoked the three-months provision in subsection (c) of Rule 19, Cotton Yarn Rule of 1938, but also the 10-days provision in subsection (a) of this Rule. As the plaintiff had the laboring oar in respect of the issues of liability and extent of recovery, both being controverted, it was error for the court to determine the amount and instruct the jury to answer the issue of damages accordingly. *Haywood v. Ins. Co.,* 218 N. C., 736, 12 S. E. (2d), 221, and cases cited.

There are other exceptions appearing on the record which would require attention, if the charge on the issue of damages were upheld, but as these may not arise on the further hearing, we omit any present rulings thereon.

For error in the charge, as indicated, the defendants are entitled to another day in court. It is so ordered.

New trial.