## M. B. BAME v. PALMER STONE WORKS, INC.

(Filed 9 June, 1950.)

**1. Master and Servant § 14a—**

> Where an employer who regularly employs more than five employees in his business elects not to operate under the Workmen's Compensation Act, an injured employee may maintain an action against him at common law, in which action contributory negligence, negligence of a fellow employee, and assumption of risks are not available as defenses. G.S. 97-3, G.S. 97-4, G.S. 97-14.

**2. Same—**

An employer who has elected not to operate under the provisions of the Workmen's Compensation Act may be held liable by the employee in an action at common law for an occupational disease when such disease is contracted as the result of negligence of the employer in failing to exercise ordinary care to provide a reasonably safe place in which to work, which proximately causes such occupational disease. Evidence in this case of such negligence and proximate cause *held* sufficient to take the case to the jury.

**3. Negligence § 20—**

An instruction that it is important for the jury to understand what is meant by negligence as "implied" in cases of the character in suit, *held* reversible error.

**4. Appeal and Error § 22—**

The record imports verity and the Supreme Court is bound thereby.

**5. Master and Servant § 14a—**

The doctrine of *res ipsa loquitur* does not apply to the contraction of silicosis by an employee of a stone company.

**6. Limitation of Actions § 19—**

Where the three year statute of limitations is pleaded in an action at common law to recover for silicosis contracted by plaintiff as the result of alleged negligence of defendant in failing to use reasonable care to provide a reasonably safe place to work, G.S. 1-52 (5), an instruction which fails to limit recovery to those injuries proximately resulting from negligent acts of defendant committed within three years next before the institution of the action, must be held for error.

APPEAL by defendant from *Gwyn, J.,* at October Term, 1949, of STANLY.

Civil action instituted 2 February, 1949, to recover damages for disease allegedly proximately caused by negligence of defendant.

Plaintiff alleges in his complaint, and defendant admits in its answer, that defendant, a North Carolina corporation, with principal place of business in the county of Stanly, is now and was at the times alleged, engaged in the business of cutting and preparing for market tombstones and monuments made of marble, granite and stone, and, though it had more than five employees regularly employed in its business, it did not operate under the provisions of the Workmen's Compensation Act of North Carolina,—having rejected the provisions thereof on 29 December, 1938.

Plaintiff further alleges in his complaint in summary these facts: That he, the plaintiff, has been employed by defendant from time to time for the past twenty years, as a stonecutter in its place of business; that the last employment was for a period of about eighteen months ending the second week in July 1948, when, as a result of his physical condition,

he was compelled to discontinue his work; and that he now has, and has had for some time, active silicosis of the second or third degree, which disease was contracted through inhalation of rock dust created while working with defendant and as the proximate result of its negligent failure to provide for him a safe place in which to work; that plaintiff and other employees of defendant were required to use in an enclosed building a rotary or grinding wheel to grind and cut granite and stone,— thereby creating a constant and heavy fog of granite and stone dust in which he was required to work and breathe forty hours each week; and that at all times when said work was being performed, there was a sufficient amount of said dust to impair and infect one's lungs with silicosis,— and in fact did so affect his lungs; and that he is now unable to perform any work or labor.

Plaintiff alleges, in his complaint, briefly stated, these acts of negligence proximately causing his diseased condition: (1) That defendant compelled the use of rotary or grinding wheels in cutting, shaping and polishing its granite and stone—an out-moded means not generally used, because they create such enormous amount of rock dust as to make their use extremely hazardous to persons working in an enclosed building in which same operated,—all of which defendant knew, or by the exercise of ordinary care, should have known; (2) that defendant, having knowledge of the condition created by the use of rotary or grinding wheels, failed to provide and keep in good operating condition, an adequate system to eliminate the dust, thereby constituting its workshop an unsafe and hazardous place in which plaintiff in the discharge of his duties was required to work, when defendant knew, or by the exercise of ordinary care should have known that failure to so provide for the elimination and discharge of said dust particles would endanger, or be likely to endanger the health and person of plaintiff; (3) that defendant failed to provide mask or other device to be worn by plaintiff to cut down and minimize the inhalation of the dust, and (4) that defendant failed to provide a sprinkling and dampening system to "wet down" the said dust particles so as to prevent inhalation by plaintiff,—a common, accepted and customary practice in such industries as that of defendant.

Plaintiff further alleges that the generally accepted method of cutting granite and stone is with pneumatic chisels and hammers.

Defendant, answering, admits that plaintiff, from time to time over a period of several years, has been employed by it,—the employment ending on or about the second week in July 1948; but denies in material aspect other allegations of the complaint. And by way of further answer and defense, defendant avers: That plaintiff's cause of action, if any he has, accrued more than three years prior to 2 February, 1949, the date on which summons was issued in this action, and pleads the three-year statute

of limitation, G.S. 1-52 (5), in bar of any recovery by plaintiff in this action.

Upon the trial in Superior Court, plaintiff offered evidence tending to support the allegations of his complaint, and defendant offered evidence tending to support the averments of its answer.

Particularly plaintiff as a witness for himself, testified in part: "I . . . have lived in Albemarle 21 years. Before I went to work for the Palmer Stone Works the last time my physical condition was good. Had no pain or sickness about the chest or lungs . . . I stopped working for the defendant on account of silicosis . . . I am disabled. This silicosis causes me to have shortness of breath, hurting in the chest . . . back and stomach . . ". And on cross-examination plaintiff continued, in part: "I first began working in a stone cutting plant about three years before I came to Albemarle. That was in Durham, N. C. . . . I worked there three years . . . When I came to Albemarle, my first work in any stone cutting industry was with Palmer Stone Works . . . That period of employment, beginning in 1928 or 1929, lasted about a year, or maybe less. When I left the Palmer Stone Works the first time, I worked in the stone industry several months at Stone Mountain, Georgia. Then came back to Palmer Stone Works. I worked for them several years that time . . . I worked in Charlotte . . . Have worked some in Mt. Airy and in two plants in Salisbury . . . At Palmer Stone Works, I worked from 1942 to some time in 1946; then went to Salisbury and worked about five months . . . The last 18 months period I worked for the defendant began in January 1947. I did stone cutting when I came back there . . . I first operated the grinding wheel in January 1947 . . . Defendant did not have any . . . when I worked there in 1944 and 1945 . . . When I came back in January 1947, four or five of them were in use, right on the job. They put them in use while I was in Salisbury . . . Some dust was created by the use of the pneumatic tools. From 1929 until January 1, 1947, with the exception of a period of three or four years when I was off, I cut stone with pneumatic tools and surfacing machine and bumper . . . all produce some dust. I breathed some of it; it gets up in your nose, in your throat, and you spit it out. I recall getting dust in my nose and throat by using tools in a stone cutting plant the first day I went into a plant . . . in 1929. I got dust in my nose and throat when I was working all those different places . . . Charlotte, Mt. Airy, Georgia, Salisbury and Albemarle . . . That was granite dust . . . I say I have silicosis now. That was caused by breathing stone dust into my nose and throat and lungs . . . The dust I got at Palmer Stone Works went into my nose and mouth and into my lungs. You can't get it as bad at these other places, because they tried to hold it down—wet the ground. They've got a good suction . . . There

weren't but three or four men working there . . . I had a card that I could work in 1941 . . . good for two years. The State Hygiene come out there in 1942 for examination, and he said 'You are all right,' go ahead.' I . . . had a fluoroscope examination in 1944." And on redirect examination, plaintiff testified: "I couldn't tell that I had any ill effects from any stone dust until right about the time I quit Palmer Stone Works in the second week in July 1948."

And a medical expert, Dr. Otto J. Swisher, as witness for plaintiff, testified that he examined Mr. Bame on 29 August, 1949, and made an X-ray of him then; that he has silicosis in the second stage, moderately advanced; that with silicosis in that stage the lungs are comparatively filled with fibrous tissue, which impedes the getting of oxygen to the blood to supply the lungs with oxygen; that it leaves a man with less breathing space; makes him tired and weak with shortness of breath, and cough; that he does not have any appetite and is very susceptible to most any disease that might involve the lungs; that he becomes easily fatigued; that plaintiff is permanently disabled; that in his opinion the silicosis with which Mr. Bame is suffering will grow progressively worse.

The doctor, on further examination, testified that in his opinion, from his examination of the plaintiff on 29 August, 1949, he had had tuberculosis in the previous years, which was shown by a healed calcified lesion, indicating that once upon a time he had had chronic . . . healed tuberculosis, in the right chest wall; that a generally tired, fatigued condition is a possible result of tuberculosis; that a hurting in the chest is an effect of tuberculosis in very rare cases; that free silica, such as comes from granite, does not cause tuberculosis; that from his examination of plaintiff, there was no way to tell when he contracted silicosis; and that from his examination of plaintiff he found some evidence of long-standing tuberculosis.

The case was submitted to the jury on three issues, first, as to the plea of the statute of limitations, second, as to whether plaintiff was injured and damaged by the negligence of defendant, as alleged in the complaint, and, third, as to what amount, if anything, plaintiff is entitled to recover of defendant. The jury answered the first issue in the negative, and the second in the affirmative, and assessed damages.

From judgment on the verdict, defendant appeals to Supreme Court and assigns error.

*Morton & Williams for plaintiff, appellee.*

*Brown & Mauney, Helms & Mulliss, and James B. McMillan for defendant, appellant.*

WINBORNE, J.   Among the several assignments of error presented by appellant for consideration on this appeal, there is the one relating to the denial of its motions, aptly made, for judgment as of nonsuit.   It is urged that the motion should have been allowed on the ground (1) that the employer is not liable to employee under the common law for diseases contracted during the course of employment; and (2) that plaintiff has failed to show that any negligence of defendant within the period of the statute of limitations was the proximate cause of his present complaints. In the light of appropriate principles of law applied to the evidence in the case, we are of opinion and hold that neither of these grounds is tenable.

In connection with the first contention, it is admitted that defendant, as employer, has rejected the provisions of the North Carolina Workmen's Compensation Act, Chapter 97 of General Statutes, and did not operate under it. G.S. 97-3 and G.S. 97-4. It does not appear that plaintiff, as employee, has elected not to operate under the act. Hence, plaintiff may not invoke the provisions of the said act, but is relegated to a common law action to recover damages for any injury he may have suffered in the course of his employment by defendant. And in such case the statute G.S. 97-14 provides that "An employer, who elects not to operate under this article, shall not in any suit at law instituted by an employee subject to this article to recover damages for personal injury or death by accident, be permitted to defend any such suit at law upon any or all of the following grounds: (a) That the employee was negligent. (b) That the injury was caused by the negligence of a fellow employee. (c) That the employee assumed the risk of injury."

Thus, ordinarily, there is involved in such an action only the issues of actionable negligence, and damages.

In the light of these provisions, we are of opinion that, where an occupational disease is contracted by an employee, in the course of his employment, as the result of negligence of the employer in failing to exercise ordinary care to provide a reasonably safe place in which to do his work, a common law action for damages may be maintained by the employee against the employer. The purpose of such action is the redress of a wrong.

And while the subject of occupational disease, as it is related to the North Carolina Workmen's Compensation Act has been the subject of decisions of this Court, for instance, McNeely v. Asbestos Co., 206 N.C. 568, 174 S.E. 451, the question of liability of employer, at common law in such cases, is of first impression in this State, we find it has been the subject of decisions in other jurisdictions. The decisions are summarized in 35 American Jurisprudence 533, Master and Servant, Section 105, in this manner: "On the subject of the liability of an employer, at common

law, for an occupational disease contracted by an employee, there is considerable conflict of opinion. There are many statements, often pure dicta, to be found in decided cases that no action lies at common law for damages for an occupational disease, and this view has been crystallized by some decisions expressly denying any such common law liability. Such statements and decisions seem broad enough to exclude any recovery in an action at law for an occupational disease even where there has been some negligence on the part of the employer. The trend and weight of authority, however, recognizes the liability of an employer to an employee for an occupational disease incurred by the employee in the course of his employment where some negligence can be laid at the employer's door,— such as failure to provide a safe place in which to work . . . or where the employer has some superior knowledge of the danger to employees, to warn the employee of the danger he is incurring." For further analysis of the subject, see Anno. 105 A.L.R. 80.

As to the second contention, the evidence appears to be sufficient to take the case to the jury on the question of proximate cause.

However, certain of the assignments of error relating to exceptions to portions of the charge appear to be well taken.

First, Exception 9 : To that portion of the charge in which the court gave instructions as to actionable negligence. In doing so, it appears that the court prefaced these instructions with this statement: "It is important for you to understand at the outset, gentlemen, what is meant by negligence as implied in cases of this character."

Appellant contends that the reasonable meaning of this portion of the charge is that on the facts which the jury had heard from the witnesses, an implication or presumption arose that the defendant was negligent. In this connection the word "implied," as defined by Webster, means "virtually involved or included; involved in substance; inferential; tacitly conceded." Hence, when the word "implied," as used by the court, is given this meaning, it is prejudicial to defendant. For no such concession is made, nor is negligence implied.

On the other hand, plaintiff, appellee, says that "When one considers the charge of the court in its entirety, it is convincingly obvious that the meaning of the word 'applied' was ascribed to the word 'implied.'" Probably the word "applied" may have been used. But, howbeit, we must accept the record as it comes to us. The record imports verity, and this Court is bound by it. See, among others, these recent opinions: *Ericson v. Ericson,* 226 N.C. 474, 38 S.E. 2d 517; *S. v. Gause,* 227 N.C. 26, 40 S.E. 2d 463; *S. v. Wolfe,* 227 N.C. 461, 42 S.E. 2d 515; *Yarn Co. v. Mauney,* 228 N.C. 99, 44 S.E. 2d 601; *Morgan v. Coach Co.,* 228 N.C. 280, 45 S.E. 2d 339; *S. v. Robinson,* 229 N.C. 647, 50 S.E.

2d 740; *S. v. Cockrell,* 230 N.C. 110, 52 S.E. 2d 7; *S. v. Chase,* 231 N.C. 589, 58 S.E. 2d 364.

Even so, plaintiff, appellee, contends that the doctrine of *res ipsa loquitur* is applicable in this case. This contention is not well founded.

Second: Exception 14 is directed to a portion of the charge relating to the first issue; Exceptions 15, 16 and 17, to a portion of the charge relating to the second issue; and Exception 18, to a portion of the charge relating to the third issue. Defendant's challenge to the correctness of these portions of the charge is predicated upon the contention that the case is one where plaintiff complains of continuing separate acts of negligence and continuing separate injuries from day to day while he was working, and that if he has a cause of action in this case it consists of a right to recover damages for such injuries proximately caused by negligence of defendant within the three years next before the action was commenced.

It is contended that the portions of the charge to which these exceptions relate fail to make clear this limitation upon the right of plaintiff to recover. It is pointed out particularly that in those portions relating to the issue of negligence and to the issue of damages no reference is made to the principle that the damages must be confined to such as proximately resulted from negligent acts of defendant committed within three years before the action was brought. In the light of the evidence in the case, it appears that these contentions have merit, and that the omissions referred to are prejudicial to defendant.

Other assignments of error are not considered.

For causes stated, there must be a

New trial.