J. L. HAGAN v. L. B. JENKINS, MARY TAPP JENKINS, W. H. JONES AND LULA B. JONES, PARTNERS, TRADING AS JENKINS-JONES MOTOR COMPANY.

(Filed 7 November, 1951.)

**1. Master and Servant § 6f—**

In this action by an employee for wrongful discharge, plaintiff's evidence *held* not to show that he voluntarily terminated his employment or was guilty of such derelictions of duty as would justify his discharge, and nonsuit was properly overruled.

**2. Master and Servant § 2b—**

Upon acceptance of employment the law implies a promise or covenant on the part of employee to render in good faith efficient service and not to give legal ground for dismissal or discharge during the term of the employment, but an instruction to the effect that the law implies that the employee would fulfill his obligations in this respect is erroneous.

**3. Appeal and Error § 22—**

The record imports verity and the Supreme Court is bound by its contents.

**4. Master and Servant § 6f—**

Plaintiff was employed at a stipulated weekly salary plus additional incentive pay to accrue if he remained with the employer twelve months and planned to continue with the company thereafter. *Held:* In plaintiff's action for wrongful discharge, an instruction to the effect ·that plaintiff was not obligated to serve any specified time but that he would forfeit his right to incentive pay if he voluntarily quit or was discharged for inefficient service or other legal grounds, before the twelve month period, is erroneous, since the incentive pay would not accrue unless he remained in the employment for twelve months at least, and he cannot forfeit a right which had not accrued.

**5. Trial § 31b—**

The conclusion as to the law as expressed in an opinion of the Supreme Court is the guide and not the reasoning by which the conclusion is reached, and it is not always proper or permissible for a trial judge to charge in the language used by the Supreme Court in discussing the reasons for its conclusion in the case.

**6. Master and Servant § 6f—**

Where the contract of employment of plaintiff is at a weekly wage with incentive pay to accrue if he remained with the company twelve months and planned to continue in its employment thereafter, it is necessary upon the trial that it be determined whether the contract was one of employment from year to year or a hiring at will from week to week with the understanding that the employee was to receive the incentive pay if he remained with the company for at least twelve months, since until this question is determined the rights of the parties cannot be correctly adjudicated.

**7. Same—**

In an action for wrongful discharge in which defendant offers evidence of justification for the discharge for inefficient service, the court should define the terms "legal justification," "sufficient cause," and "wrongful discharge."

APPEAL by defendants from *Morris, J.,* June Term, 1951, LENOIR.

Civil action to recover loss of salary and incentive commission resulting from the alleged wrongful discharge of plaintiff.

Plaintiff, a parts salesman for defendants, was, on 1 January 1949, promoted to the position of manager of the parts department at $60 per week plus an additional incentive payment of 3% of the net profits of the company "before income taxes," the incentive payment to accrue if he remained with the company the entire twelve months and planned to continue with it thereafter.

On 23 June 1949, defendant W. H. Jones, manager of defendant company, notified plaintiff that he was being reduced to the rank of parts salesman and would not be entitled to his incentive commission at the end of the year. Jones requested him to sign a written waiver of his right to the commissions. Plaintiff refused to sign and was thereupon told that he was "through" with the company. This is plaintiff's version of the alleged discharge.

Defendant offered evidence of various derelictions of duty on the part of plaintiff as justification for the discharge—repair orders were lost, sales of parts diminished materially, defective Ford parts were not returned promptly, the inventory of parts readily salable was insufficient to meet current demands, and the like—which caused defendants substantial loss. They also plead and offer evidence tending to show that plaintiff voluntarily terminated his employment as manager and accepted his old position as parts salesman.

Plaintiff admitted some of the charges, such as the loss of repair orders and the depreciated volume of sales, but contended such apparent failures of his department to measure up to a reasonable standard in these respects was not due to causes which would justify his discharge.

The court submitted appropriate issues to the jury which were answered in favor of plaintiff. From judgment on the verdict, defendants appealed.

*Thos. J. White for plaintiff appellee.*
*Jones, Reed & Griffin for defendant appellants.*

BARNHILL, J.  While defendants offered substantial evidence tending to show that plaintiff failed to perform his part of the contract, and

plaintiff made certain admissions in respect thereto, plaintiff's evidence is not such as to warrant the conclusion, as a matter of law, either that he voluntarily terminated his employment or was guilty of such derelictions of duty as would justify his discharge. On this record these are questions for the jury to decide. Hence the motion to nonsuit was properly overruled.

During its charge to the jury the court instructed it as follows:

"You will understand, of course, that upon the acceptance of such offer, if in fact you find such offer was made and the same was accepted by the plaintiff, the law itself implied or does imply that during the employment the employee, in this case the plaintiff, would in good faith render efficient service and that he would not give legal grounds for his dismissal or discharge from the service of defendants."

When plaintiff accepted employment as manager of defendants' parts department, the law implied a promise or covenant on his part to comply with, and render the services contemplated by, the contract; that he would render efficient, faithful, and continuous service; and in all other respects comply with and fulfill his part of the contract. *Ivey v. Cotton Mills,* 143 N.C. 189; Anno. 49 A.L.R. 474.

The law does not, however, raise any presumption or implication that plaintiff had performed the contract on his part and had not given any legal grounds for the termination of his employment.

The correct rule and the one stated by the court below are so similar in wording as to raise a conjecture that the error was due to a slip of the pen of the court reporter rather than a slip of the tongue of the judge. Insert after the words "does imply" the words "a promise or covenant" and we have a correct statement of the true rule. Even so, the record imports verity and we are bound by its contents as it comes to this Court.

The court also instructed the jury as follows:

"Under such incentive plan the plaintiff was not obligated to serve any specified time, but the penalty imposed upon him, if in fact you find such plan existed, for voluntarily quitting the employment of the defendants, or if he was discharged for inefficient service or other legal ground, he would have forfeited or did forfeit the rights accruing to him to participate in the incentive plan agreement."

No rights accrued to plaintiff under the incentive plan unless he remained with the company "the entire twelve months" and planned "to continue with the company." The defendants contend that plaintiff voluntarily abandoned the contract or quit without legal justification. To say that by so doing he incurred a penalty and forfeited a right that did not then exist presented a persuasive reason for the jury to find the discontinuance of the contract was not due to his fault.

No doubt the charge was prompted by what was said in *Roberts v. Mills,* 184 N.C. 406, 114 S.E. 530. But it is not, in every instance, proper or permissible for a trial judge, in his charge, to adopt the language used by this Court in discussing the reasons for its conclusion in a given case. *Quinn v. R. R.,* 213 N.C. 48, 195 S.E. 85. The conclusion as to the law, as expressed in the opinion, and not the reasoning, is the guide. Strictly speaking, there can be no forfeiture of a right which has not accrued. Hence the instruction involves an interpretation of the contract which might well have influenced the verdict of the jury.

We have taken note of the exception to this excerpt from the charge for another and more important reason. The plaintiff alleges a contract of hiring on an annual basis. The first issue is framed in accord with this allegation and the theory of the trial, with the exception of the noted departure, was that plaintiff was relying upon a contract that was to run from year to year.

It is evident that only the incentive plan part of the contract was reduced to writing. As to the oral provisions, the plaintiff merely testified he was promoted and was to receive $60 per week for his services.

Therefore, when plaintiff's testimony is considered as a whole, the court's conclusion that under the incentive plan plaintiff was not obligated to serve any specified time may constitute the correct interpretation of the contract. On the other hand, "the full twelve months" might possibly refer to the twelve months plaintiff had agreed to serve, if such was the fact. This we need not now decide. Indeed, the record does not leave us in position to decide with any degree of certainty.

The point is, the only interpretation the court placed on the contract is contained in this instruction and under its interpretation the contract was a hiring at will, or from week to week, with the understanding that plaintiff was to receive additional compensation if he remained with the company for at least twelve months. If it is or was this type of contract, the defendants were as free to discontinue the employment as plaintiff was to leave. They would be liable in damages only in the event they discontinued the employment for the ulterior purpose of depriving plaintiff of his incentive pay, and then only to the extent of such loss.

Thus it appears that the instruction is in direct conflict with the plaintiff's allegations, the theory of the trial, and other parts of the charge. Upon its correctness the rights of the parties in large measure depend. Neither plaintiff nor defendants can have a fair trial under the law until the question is settled and the case is disposed of under the rules applicable to the contract as it actually existed. This may resolve itself into an issue of fact for the jury to decide from the evidence under appropriate instructions from the court. This, as other questions, must be left for determination by the trial judge.

What, under the circumstances of this case, constitutes legal justification for a discharge of plaintiff and what a wrongful discharge? The exceptions of defendants are not sufficient to present these questions as they seek to do. However, as the terms "legal justification," "sufficient cause," and "wrongful discharge" are essential to a proper charge in this case, it would be well for the judge presiding at the next trial to define and explain their meaning as applied to the evidence in this case.

For the reasons stated there must be a

New trial.