Hillsborough,<br>
Feb. 5, 1952. } No. 4087.

JOSEPH FORTIN *v*. TEXTRON, INC.

*Leonard & Leonard* and *Robert J. Doyle* (*Mr. Doyle* orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* and *Irving H. Soden* (*Mr. Soden* orally), for the defendant.

LAMPRON, J. Laws 1947, *c.* 266, *s.* 2, *par.* III, reads in part as follows: "When silicosis and other pulmonary dust diseases or death therefrom occur within the above definition of 'personal injury' or 'injury' compensation shall be payable under the provisions of this chapter, provided, however, that . . . (2) in the event of temporary or permanent total disability or death, notwithstanding any other

provisions of this chapter, total compensation if disability or death occurred during July, 1947, shall not exceed the sum of five hundred dollars; thereafter the limit for total disability or death shall increase at the rate of fifty dollars each calendar month until the maximum allowed for other injuries under this chapter is reached; (3) the total amount of benefit in case of death shall not exceed the balance remaining between the amounts paid for disability and the total compensation payable under this chapter."

The plaintiff takes the position that what the Legislature intended by said subdivision (2) of *par.* III is that if an employee becomes totally disabled as a result of a disease covered by said paragraph in a manner which makes him eligible for compensation thereunder the limit placed on the amount of compensation which he may receive at any given time is $500 if the disability occurred in July, 1947, and that amount is increased by $50 each month thereafter until the limits set by sections 20, 21 and 22 of said chapter 266 are reached. To be more specific, plaintiff contends that in the instant case, assuming he lives during the whole period and remains totally disabled, he would be eligible to receive the maximum of $7,500 provided for in said section 22 but with the qualification that he could not receive at any given time during that period more than the $500 limit set for disability occurring in July, 1947, plus $50 added thereto for each month thereafter. We do not agree with that contention.

Prior to Laws 1947, *c.* 266, our workmen's compensation statute did not recognize an occupational disease of the type here under consideration as a compensable injury. *Thomson* v. *Company*, 86 N. H. 436, 440. Nor could there be any recovery at common law unless the negligence of the employer was the cause of the employee's disease. *Pell* v. *New Bedford Gas & Edison Light Co.*, 325 Mass. 239; *Bame* v. *Stone Works*, 232 N. C. 267; 56 C. J. S. 885. Laws 1947, *c.* 266, *s.* 2, *par.* III, granting compensation for injury resulting from certain occupational diseases without proof of the employer's causal negligence, gave the employee a remedy which he never had before.

It is easily understandable then, that the Legislature, taking into consideration the fact that employers and their insurers because of prior non-liability would have no reserve therefor, might prefer to impose this liability gradually and in a limited manner so as to give them an opportunity to make provisions for it in the way of reserves and otherwise. Hence the provisions that there will be no

liability for "a disease the last injurious exposure to the hazards of which occurred prior to the effective date of this chapter . . . no compensation shall be payable for partial disability" and the instant provision for a limited liability for total disability or death occurring after its effective date until a certain period of time has elapsed. We cannot perceive any injustice or unfairness, as plaintiff contends, in an employee who is disabled six months after the passage of the law being limited to a recovery of compensation in the amount of $800 when an employee whose last injurious exposure occurred the day prior to the effective date of the act cannot receive any compensation even though he may become totally disabled or die therefrom long after its effective date.

It is our opinion that the Trial Court interpreted the law accurately when he ruled that section 2 paragraph III, subsection (2) limited the compensation payable for total disability or death resulting from certain diseases enumerated in said paragraph to a total of $500 if it occurred during July, 1947, and if the total disability or death occurred thereafter the limit is increased by $50 for each month which has elapsed from July, 1947, to the date of such disability or death.

No convincing argument has been advanced by the plaintiff against the constitutionality of such a provision nor are we aware of any. *Cf. Del Busto* v. *E. I. Dupont Co.*, 5 N. Y. S. (2d) 174.

*Exception overruled.*

All concurred.