SOUTHERN BOX AND LUMBER COMPANY v.
HOME CHAIR COMPANY, INC.

(Filed 8 April, 1959.)

**1. Pleadings § 24—**

In a trial by the court under agreement of the parties, as well as in a trial by a jury, it is required that there be both *allegata* and *probata*, and the two must correspond.

**2. Sales § 27— Findings of fact by court held to relate to issues of express and implied warranties raised by pleadings.**

In this action to recover the contract price for plywood sold and delivered, defendant set up breach of express warranty and breach of implied warranty in that the plywood was totally worthless to defendant in making chair seats for which it was purchased. The parties waived jury trial and agreed that the court find the facts. The court found facts to the effect that there was no express warranty, that plaintiff had no notice of the particular kind of seats manufactured by defendant or of defendant's particular method of manufacture, that the plywood sold was not suitable for the manufacture of seats of the type and method employed by defendant, that defendant's method of manufacture was in

general use but that other methods were also in general use, and that defendant had failed to show by the greater weight of the evidence that the plywood was not reasonably suitable for the manufacture of chair seats generally by other methods in general use. *Held:* The findings relate to the express and implied warranties raised by the pleadings, and defendant's contentions that the findings were predicated on issues not arising on the pleadings and with respect to which it had no opportunity to make preparation, are untenable.

**3. Same—**

The burden is upon the buyer to prove by the greater weight of the evidence the warranties of the seller relied on, the breach thereof by the seller, and the resulting damage.

**4. Appeal and Error § 49—**

Findings of fact by the trial court which are supported by competent evidence are conclusive on appeal, and when the findings support the conclusions of law, the judgment thereon will not be disturbed.

**5. Sales § 15—**

When the seller has knowledge of the use for which the buyer purchases the goods, and the buyer relies on the skill and experience of the seller for the suitability of the goods for such purpose, there is an implied warranty that the goods are reasonably fit for such purpose, but there is no implied warranty that the goods sold are fit for a particular purpose if the seller is not informed thereof or has no express or implied knowledge of such purpose.

**6. Same—**

Conclusions that the law implies a warranty that the goods are reasonably suitable for the purpose for which sold, but that there is no implied warranty of fitness for a particular purpose if the seller has no express or implied notice thereof, are not inconsistent.

APPEAL by defendant from *Bone, J.,* September Term 1958 of NEW HANOVER.

Civil action to recover for plywood sold to defendant for use in the manufacture of chair seats. Defendant alleged in its answer a counter-claim for damages for breach of warranty.

The parties, pursuant to G.S. 1-184—1-185, waived trial by jury, and agreed that the Judge might find the facts, make conclusions of law, and render judgment thereon.

## FINDINGS OF FACT.

"1. That in April and May, 1956, plaintiff sold and delivered to defendant a lot of plywood at the agreed price of $82.50 per thousand, which amounted to $2,555.56 after allowing due credit for freight paid by defendant.

"2. That said plywood was sold to defendant by plaintiff for use in the manufacture of chair seats.

"3. That in the sale of said plywood no express warranty was made by plaintiff to defendant.

"4. That plaintiff had no notice or knowledge of the particular kind of chair seats which defendant desired to manufacture from said plywood and had no notice or knowledge as to the particular method used by defendant in the manufacture of its chair seats and the fixing of them to chairs.

"5. That there are other types of chair seats made from plywood besides those made by defendant.

"6. That the defendant has shown by the greater weight of the evidence that a considerable quantity of said plywood was not suitable for use in making defendant's particular kind of chair seats by means of defendant's particular method of manufacture.

"7. That although the method of manufacture used by defendant has been in general use by many companies for ten or twelve years, there are other methods in general use.

"8. That defendant has failed to show by the greater weight of the evidence that the said plywood was not reasonably suitable for the manufacture of chair seats generally by other methods in general use besides those used by defendant."

## CONCLUSIONS OF LAW.

"1. That where a seller makes no express warranty as to the quality of the thing sold, the law implies a warranty that it is reasonably suitable for the purpose for which it was sold.

"2. That the burden of proof is on the buyer to show by the greater weight of the evidence that the thing sold was not reasonably suitable for the purpose for which it was sold.

"3. Where plywood is sold for use in making chair seats and the seller has no notice or knowledge of the particular type of chair seats which the buyer makes, or of the particular method of manufacture employed by such buyer in making chair seats, the buyer does not make out a case for breach of implied warranty merely by showing that a considerable quantity of such plywood was not reasonably suitable for use in making its particular type of chair seat by its particular method."

Whereupon, the Judge rendered judgment that plaintiff recover of defendant $2,555.56, with interest, and that defendant recover nothing from plaintiff upon its counter-claim, alleged in its answer.

From the judgment defendant appeals.

*Stevens, Burgwin & McGhee for plaintiff, appellee.*
*McElwee & Ferree for defendant, appellant.*

PARKER, J.  Defendant assigns as error findings of fact Numbers 4, 5, 7 and 8. Defendant contends, among other contentions, that an examination of findings of fact Numbers 3, 5 and 8 shows "that these findings of fact are predicated on issues which do not arise on the pleadings and with respect to which the defendant had no opportunity to make preparation."

When the parties in the instant case waived a jury trial, pursuant to G.S. 1-184—1-185, the effect of it was to invest the judge with the dual capacity of judge and juror. It is familiar learning that if the plaintiff is to succeed at all, whether the trial is by judge and jury or by the judge alone as here, he must do so on the case set up in his complaint;  that there must be both *allegata* and *probata*, and the two must correspond with each other. *Sale v. Highway Commission*, 238 N.C. 599, 78 S.E. 2d 724; *Whichard v. Lipe*, 221 N.C. 53, 19 S.E. 2d 14; *Talley v. Granite Quarries Co.*, 174 N.C. 445, 93 S.E. 995.

In McIntosh North Carolina Practice and Procedure, 2d Ed., Vol. I, p. 759, it is said: "The trial by the judge is similar to a trial by the judge and jury in defining the issues to be determined, the introduction of evidence upon such issues, the argument of counsel, and in rendering a judgment upon the facts and the law."

Plaintiff alleges in its complaint that it sold and delivered to defendant plywood, specially manufactured for defendant upon defendant's order in the amount of $2,555.56, after allowing credit for freight paid by defendant, and that defendant is indebted to it in that sum.

Defendant in its answer in effect confesses the making of the contract sued upon and the breach thereof, but alleges by way of further defense and for affirmative relief that plaintiff sold and delivered to it chair seats with an express warranty that the chair seats "were of sufficient strength and quality to meet the specifications of the defendant and to enable the defendant to manufacture a quality chair of sufficient strength and stamina to meet the needs of its customers and of sufficient strength and stamina to withstand any type of reasonable breakage." Defendant in its further defense alleges that the chair seats

are totally worthless and of no use to it, except as firewood: "that the plaintiff not only breached the express warranty which it had made to the defendant, but it also breached the implied warranty which went with the sale of its product." That as a result of such breach of warranties defendant has been damaged in the sum of $35.00 representing time and machinery utilized in an effort to use the chair seats, and in the sum of $30.00 in storing the worthless chair seats. While the answer terms the articles bought from plaintiff chair seats, all the evidence shows that the articles bought were plywood to be used in the manufacture of chair seats.

Plaintiff filed a reply, which in substance denies the material allegations of the answer's further defense and request for affirmative relief.

In respect to the complaint's allegations that plaintiff sold and delivered to defendant plywood "specially manufactured for the defendant, upon defendant's order," this is the testimony of John Colucci, president of plaintiff: "We have not manufactured chair seats before or after for Home Chair Company, but we have for other manufacturers, before and after. Most of the orders we get is half an inch and this was 5/16. The half-inch is five-ply. That is what most of our orders are for. The buyer furnished the specifications for these panels. He told us the thickness and size and we manufactured it according to his specifications."

Defendant in its further answer and request for affirmative relief relies upon an alleged express warranty in the sale of the plywood and a breach thereof, and upon an alleged implied warranty in such sale and a breach thereof. Finding of fact Number 3, to which defendant does not except, is "that in the sale of said plywood no express warranty was made by plaintiff to defendant." Findings of fact Numbers 4, 5, 6, 7 and 8 relate to the alleged express and implied warranties and the alleged breaches thereof. Findings of fact Numbers 3 to 8, both inclusive, determine issues of fact raised by the pleadings.

The Trial Judge correctly placed upon the defendant the burden of proof to show, by the greater weight of the evidence, the warranties, the breach thereof, and the resulting damages. *Parker v. Fenwick,* 138 N.C. 209, 50 S.E. 627; *Ashford v. Shrader,* 167 N.C. 45, 83 S.E. 29; *Furst v. Taylor,* 204 N.C. 603, 169 S.E. 185; *Yarn Co. v. Mauney,* 228 N.C. 99, 44 S.E. 2d 601; 77 C.J.S., Sales, pp. 1283-1284; 46 Am. Jur., Sales, p. 490.

In respect to all the findings of fact there are *allegata et probata,* which correspond with each other. A careful reading of the evidence shows, in our opinion, that all the findings of fact are supported by

competent evidence. Such findings of fact are conclusive on appeal. *State of North Carolina on Relation of the North Carolina Milk Commission v. Galloway,* 249 N.C. 658, 107 S.E. 2d 631; *Goldsboro v. R.R.,* 246 N.C. 101, 97 S.E. 2d 486. All the assignments of error as to the findings of fact are overruled.

Defendant assigns as error conclusion of law Number 3. In *Stokes v. Edwards,* 230 N.C. 306, 52 S.E. 2d 797, it is said: "When a buyer purchases goods for a particular purpose known to the seller and relies on the skill, judgment, or experience of the seller for the suitability of the goods for that purpose, the seller impliedly warrants that the goods are reasonably fit for the contemplated purpose, and is liable to the buyer for any damages proximately resulting to him from the breach of this warranty." To the same effect 77 C.J.S., Sales, pp. 1176-1177; 46 Am. Jur., Sales, p. 529.

This is said in 77 C.J.S., Sales, p. 1180: "It is a general rule, affirmed by the Uniform Sales Act, that there is no general implication of warranty that the goods sold are fit for the particular purpose for which they are purchased if the seller is not informed of, or expressly or impliedly acquainted with, such purpose. The wants and needs of the buyer must be disclosed, and a statement of the purpose should be specific."

Conclusion of law Number 3 is correct. Defendant contends that it is inconsistent with conclusion of law Number 1. Conclusion of law Number 3 relates to the principle of law as to an implied warranty of fitness for a particular purpose, and conclusion of law Number 1 relates to the principle of law that there is an implied warranty that the articles were reasonably fit for the use for which they were sold. All the evidence shows that the plywood was sold for the purpose of making chair seats. The conclusions of law Numbers 1 and 3 are not inconsistent.

All defendant's assignments of error have received proper consideration by the Court, and all are overruled. The learned Trial Judge, with his usual care, considered and weighed the evidence. In the record there is competent evidence to support his findings of fact, and such findings of fact are sufficient to support his conclusions of law, and his judgment based thereon. *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668.

Affirmed.